IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 26 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00859-BNB

ROBERT CHAMP, a/k/a JASON KING,

    Applicant,

v.

ARISTEDES ZAVARAS, Executive Director of the Colorado Dept. of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant Robert Champ, also known as Jason King, is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility at Cañon City, Colorado. Mr. Champ initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 20, 2008, he filed an amended application for a writ of habeas corpus. Mr. Champ is challenging the validity of his conviction in case number 01CR935 in the District Court of the City and County of Denver, Colorado.

In an order filed on May 30, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response to the amended habeas corpus application limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On June 17, 2008,

Respondents filed their Pre-Answer Response arguing that a number of Mr. Champ's claims are unexhausted and that this action should be dismissed because the amended application is a mixed petition. On July 8, 2008, Mr. Champ filed a reply to the Pre-Answer Response.

On September 8, 2008, after reviewing the amended application, the Pre-Answer Response, and Mr. Champ's reply to the Pre-Answer Response, Magistrate Judge Boland ordered Mr. Champ to show cause why this action should not be dismissed as a mixed petition because he is asserting both exhausted and unexhausted claims. Magistrate Judge Boland advised Mr. Champ that he could avoid dismissal of this action as a mixed petition by voluntarily dismissing the unexhausted claims. On October 7, 2008, Mr. Champ filed a response to Magistrate Judge Boland's show cause order combined with a request to expand the record to include certain documents attached to the October 7 response. On November 5, 2008, Mr. Champ filed a supplemental response to Magistrate Judge Boland's show cause order. Mr. Champ argues in his responses to the show cause order that all of his claims are exhausted. He also asks the Court to dismiss any claims the Court determines are not exhausted in order to avoid dismissal as a mixed petition.

The Court must construe the amended application and other papers filed by Mr. Champ liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the amended application

2

in part pursuant to Mr. Champ's voluntary dismissal of the unexhausted claims and will draw this case to a district judge and a magistrate judge.

Mr. Champ was convicted of criminal attempt to commit first degree murder, first degree sexual assault, and three habitual criminal counts. He was sentenced to two concurrent terms of forty years to life in prison. He asserts three main claims for relief in the amended application, each with a number of subparts, for a total of twenty-two claims.

## Claim One

Mr. Champ first claims that counsel was ineffective in violation of his Sixth and Fourteenth Amendments to the United States Constitution. He specifically claims the following:

(1) Trial counsel failed to conduct an adequate pretrial investigation into the victim's character, including the victim's reputation in the community, her prior sexual assaults by other men, emotional instability, and her abuse of alcohol and drugs.

(2) Trial counsel failed to fully and properly interview witnesses and review documentary evidence.

(3) Trial counsel admitted on the record throughout the trial that he was ineffective, which should have led the trial court to declare a mistrial.

## Claim Two

Mr. Champ's second claim is a due process claim under the Fourteenth Amendment to the United States Constitution. He claims the following:

(1) Mr. Champ was denied due process when the trial court would not allow the defense to present evidence of the victim's character of not being credible, including:

(a) the victim's reputation for abusing drugs and alcohol;

3

(b) the victim's mental and emotional instability; and

(c) the victim's multiple victimization by other men and her history of false reporting of sexual abuse.

(2) Mr. Champ was denied due process because:

(a) law enforcement officers and the prosecution failed to preserve the victim's clothing to show that it was cut by hospital personnel and not Applicant;

(b) law enforcement officers and the prosecution failed to preserve the victim's panties, which potentially would have yielded DNA evidence from other men;

(c) the defense was not allowed to present documented medical evidence showing that the victim's stab wound was superficial and not life-threatening; and

(d) authorities did not recover and test the weapon that caused the victim's neck injury.

(3) Mr. Champ was denied due process when the trial court improperly admitted prejudicial hearsay evidence in the form of the victim's excited utterances because the victim was deceased at the time of trial.

(4) Mr. Champ was denied a fair trial because:

(a) the trial court erred in refusing to replace a juror who was sleeping during trial and missed critical parts of the trial proceedings;

(b) the trial court refused to allow defense counsel to cross-examine a doctor about smelling alcohol on the victim's breath when she was admitted to the hospital and about the results of a rape examination conducted at the hospital that was negative as to Mr. Champ's DNA;

(c) the trial court denied Mr. Champ's request to proceed *pro se*; and

(d) the trial court refused to grant a request by defense counsel for a continuance.

(5) Mr. Champ was denied due process when the trial court admitted the victim's unreliable out-of-court identification of Mr. Champ.

4

(6) Mr. Champ was denied due process when the trial court denied him a jury trial on the habitual criminal charges.

**Claim Three**

Mr. Champ finally claims that his right to confrontation under the Sixth Amendment to the United States Constitution was violated. He claims the following:

(1) Mr. Champ was unable to confront the victim because she was deceased at the time of trial.

(2) The trial court did not allow the defense to examine the victim's boyfriend regarding his prior domestic violence against the victim.

(3) The trial court did not allow the defense to investigate Spiro Middleton (a/k/a Spiro Littlefield) who identified Mr. Champ as being at the party where he met the victim.

(4) The trial court did not allow the defense to cross-examine Detective Ronald Rolf regarding medical information of the alleged victim and prohibited the defense from performing an alternative DNA test of medical information obtained from the victim.

(5) The trial court improperly admitted prejudicial hearsay from the victim under the excited utterance exception to the hearsay rule.

Magistrate Judge Boland specifically determined that nine of Mr. Champ's claims are unexhausted. The claims Magistrate Judge Boland determined are unexhausted are claims 1(1), 1(2), 1(3), 2(2)(c), 2(4)(b), 3(1), 3(2), 3(3), and 3(4). As noted above, Mr. Champ argues in his responses to Magistrate Judge Boland's show cause order that these claims are exhausted. The Court will construe Mr. Champ's responses to Magistrate Judge Boland's show cause order liberally as objections to that order.

Pursuant to 28 U.S.C. § 636(b)(1)(A) a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. The Court has

reviewed the entire file, including the documents Mr. Champ attached to his initial response to Magistrate Judge Boland's show cause order filed on October 7. Based on that review, the Court finds that Magistrate Judge Boland's determination that claims 1(1), 1(2), 1(3), 2(2)(c), 2(4)(b), 3(1), 3(2), 3(3), and 3(4) are not exhausted is not clearly erroneous or contrary to law. More specifically, the Court agrees with Magistrate Judge Boland that claims 1(1), 1(2), 1(3), 2(2)(c), 2(4)(b), 3(1), 3(2), 3(3), and 3(4) were not fairly presented to either the Colorado Court of Appeals or the Colorado Supreme Court as federal constitutional claims on direct appeal or in the postconviction proceedings. As a result, claims 1(1), 1(2), 1(3), 2(2)(c), 2(4)(b), 3(1), 3(2), 3(3), and 3(4) are not exhausted as required pursuant to 28 U.S.C. § 2254(b)(1) and Mr. Champ's objections will be overruled.

Ordinarily, this action would be subject to dismissal as a mixed petition because Mr. Champ is raising both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995). However, as noted above, Mr. Champ has agreed to dismiss the unexhausted claims voluntarily so that he may proceed with his exhausted claims in this action. He will be allowed to do so.

Therefore, upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the case will be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that claims 1(1), 1(2), 1(3), 2(2)(c), 2(4)(b), 3(1), 3(2), 3(3), and 3(4) are dismissed pursuant to Mr. Champ's voluntary dismissal of those claims. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 26 day of November, 2008.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00859-BNB

Robert Champ
a/k/a Jason King
Prisoner No. 88711
Fremont Correctional Facility
PO Box 999 - CH 4C7
Cañon City, CO 81215-0999

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/24/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk