IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00859-CMA-MJW

ROBERT CHAMP a/k/a Jason King,

Petitioner,

v.

ARISTEDES ZAVARAS, et al.,

Respondents.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

**IT IS HEREBY ORDERED** that the petitioner's Request for Reconsideration Regarding Magistrate's Order Denying Leave to Petitioner to Conduct Discovery Pursuant Ro [sic] the Federal Rules of Civil Procedure and Request for Appointment of Counsel Therefor (Docket No. 33) is granted.  The court has reconsidered its previous Minute Order, but the court nevertheless still denies petitioner's Motion for Leave to Conduct Discovery Pursuant to the Federal Rules of Civil Procedure and Request for Legal Counsel Therefor (Docket No. 30).

As this court stated in its previous Minute Order, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."  Bracey v. Gramley, 520 U.S. 899, 904 (1997).  "[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry."  Id. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).  "The [petitioner] is not allowed to use discovery as a fishing expedition; he must demonstrate good cause as to what facts he intends to develop from this discovery, and must specify why those facts and his requests would be relevant to his claims in light of the provisions of 28 U.S.C. § 2254(e)(1) & (2), which, among other things, limit the scope of fact finding by this court."  Pecci v. Warden BCCF, 2009 WL 646351, *1 (D. Colo. Mar. 9, 2009).  "The function of this court on habeas review is not to determine guilt or innocence, but to determine whether '[h]e is in custody in violation of the Constitution or laws or treaties of the United States,' 28 U.S.C. § 2241(c)(3), based on an adjudication in the state court which satisfies the mandates of 28 U.S.C. § 2254(d)."  Id. Here, the court finds once again that the petitioner has not made the requisite showing of good cause for such discovery as

2

required by Rule 6 of the Rules Governing § 2254 Cases.  <u>See</u> <u>Smith v. Gibson</u>, 197 F.3d 454, 459 (10th Cir. 1999) ("A federal habeas petitioner . . . will be entitled to discovery only 'if, and to the extent that, the . . . judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'").

<u>Date: June 26, 2009                                                             </u>